UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:

JAIRO ARANGO

    Plaintiff,

v.

NICHOLAS COLUCCI, Chief
Immigrant Investor Program Office
U.S. Citizenship and Immigration Services
131 M Street, NE
Washington, DC 20529

LEE FRANCIS CISSNA, Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

KIRSTJEN NIELSEN, Secretary
Department of Homeland Security
3801 Nebraska Ave NW
Washington, DC 20016,

    Defendants.
_____/

**PETITION FOR WRIT MANDAMUS AND DECLARATORY JUDGMENT**

Plaintiff, JAIRO ARANGO ("ARANGO"), through undersigned counsel, complains of the Defendants, KIRSTJEN NIELSEN, as Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS"); LEE CISSNA, as Director of the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); and NICHOLAS COLUCCI, as USCIS Chief Immigrant Investor Program Office, as follows:

**PREFATORY STATEMENT**

1. This is an action to compel Defendants and those acting under them to take all

1

appropriate action immediately and forthwith to issue a decision on a Form I-829, Petition by Entrepreneur to Remove Conditions on Permanent Resident Status ("Form I-829") that ARANGO, filed on or about July 6, 1999. Although on or about July 12, 1999, ARANGO received Receipt Notice from USCIS Texas Services Center, stating that his Form I-829 was received and that his alien card was extended for twelve (12) months, until the present day his Form I-829 still pending, despite his multiple inquiries.

2.  The average processing time posted by USCIS on its website for a Form I-829 petition is 30 to 39 months. *See* USCIS Processing Time Information for the Immigrant Investor Program Office, available at https://egov.uscis.gov/processing-times/ (last visited February 4, 2019). Thus, ARANGO's petition filed on or about July 6, 1999, is beyond the normal processing times. This unexplained delay is egregious and unreasonable, and ARANGO respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on his long-pending petition without further delay.

## JURISDICTION

3.  Statutory Jurisdiction. This Honorable Court has jurisdiction over this matter on the basis of several provisions. The Court has federal-question jurisdiction under 28 U.S.C. § 1331, because ARANGO's claims arise under the laws of the United States, particularly the section 216A of the Immigration and Nationality Act ("INA") dealing with conditional permanent resident status for certain alien entrepreneurs, spouses, and children and 8 CFR §216.6 regarding petition by entrepreneur to remove conditional basis of lawful permanent resident status.

4.  This Court has also jurisdiction under 28 U.S.C. §1361 ("Mandamus Act"), which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff. It also has jurisdiction in conjunction with 28 U.S.C. §1348 (United States as a defendant); 28 U.S.C. §1651 (All Writs Act); 28 U.S.C. §2201-2202 (Declaratory Judgment Act); 5 U.S.C. §551 *et seq.* and §701 *et seq.* (Administrative Procedures Act); and Rules 57 (Declaratory Judgments) and 65 (Injunctions) of the Federal Rules of Civil Procedure, permitting declaratory and injunctive actions.

5. <u>Exhaustion of Remedies</u>. ARANGO has exhausted all administrative remedies available to him making <u>numerous</u> attempts to obtain a resolution of the delay described in this Complaint since the filing of Form I-829 on or about July 6, 1999, with USCIS acknowledgement of its receipt on or about July 12, 1999 (*See, e.g.* Exhibits 7, 8, 9 and 10); solicited every year a stamp on his passport, evidencing the pending status of Form I-829 (*See e.g.* Exhibits 11 and 12); and spoken with USCIS representatives both by telephone and in-person through scheduled INFOPASS appointments (*See, e.g.* Exhibits 13 and 14). As the status inquiries demonstrate, USCIS's responses to inquiries have been insufficient, nonresponsive, or contrary to law. Pursuant to USCIS's reported case processing times, the subject case is clearly outside the standard processing times. *See* Exhibit 15 (showing that as of February 4, 2018, the Service Center is currently processing Form I-829 with a priority date of February 24, 2016).

## VENUE

6. Venue lies in this District, the United States District Court for the Southern District of Texas, under 28 U.S.C. §1391(e), which states in pertinent part that "a civil action in which a defendant is an officer or employee of the United States or any agency thereof . . . may . . . be brought in any judicial district in which (1) a defendant in the action resides, [or] (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is at

issue." *Id.* Venue is proper because not only substantial events or omissions giving rise to the claims occurred in the Southern District of Florida but also ARANGO resides in Miami-Dade County, Florida.

## PARTIES

7. ARANGO is originally from Itagui, Colombia. He was born on January 9, 1957, with alien number A074659275. He is married to Lucia Arango ("Wife"), a citizen of Colombia, born on December 13, 1957, with alien number A075438207. ARANGO has two children, Santiago Arango ("Son"), citizen of Colombia, born on November 20, 1986, with alien number A075438206, and Michelle Arango ("Daughter"), who was born in the United States. They all currently reside in Miami-Dade County, Florida.

8. Defendant NICHOLAS COLUCCI is the Chief of USCIS's Immigrant Investor Program Office ("IPO"). This suit is brought against Mr. Colucci in his official capacity, as the IPO is the component of USCIS responsible for adjudicating Form I-829 Petitions by Alien Entrepreneur.

9. Defendant LEE FRANCIS CISSNA is the Director of USCIS. This suit is brought against Director Rodriguez in his official capacity, as USCIS is the component of the DHS responsible for adjudicating Form I-829 Petitions by Alien Entrepreneur.

10. Defendant KIRSTJEN NIELSEN is the Secretary of DHS. This suit is brought against Secretary Johnson in his official capacity, as she is charged with overseeing the actions of DHS, including defeminations on Form I-829 Petitions by Alien Entrepreneur.

## FACTS AND PROCEDURAL HISTORY

11. On January 25, 1990, ARANGO was a passenger of the Avianca flight travelling to New York City, United States. Unfortunately the plane crashed nearby the Kennedy Airport, and ARANGO, as one of the survivors of such disaster, he was taken to the St. Francis Hospital in

New York and admitted to the emergency room with several injuries such as fracture of the left humerus, right and left tibias, and depressed skull fracture; numbness of his fingers and bilateral lung contusion. Also fracture of the right fibula and dislocation of the 4th and 5th metacarpal bones and abdominal pain, pain in his extremities and in his head, etc. [*See* Exhibits 1 – 2].

12. On or about January 30, 1996, ARANGO received "order to appear for deferred inspection" on February 28, 1996, for inspection. [*See* Exhibit 3].

13. On February 28, 1996, ARANGO was inspected and was granted Form I-94 number 357367039 05. [*See* Exhibit 4]. Upon information and belief, the Immigration and Naturalization Service ("INS"), airport inspections, INS Inspector, Abramsky advised ARANGO and his then attorney, William M. Pavlov ("PAVLOV"), that all the victims of the crash, including ARANGO, were admitted into the United States, indefinitely for humanitarian reasons.

14. After the crash, and a civil lawsuit against the air flight, ARANGO received a considerable compensation for the injuries suffered that he later used for the purpose of making a substantial investment into the United States, specifically in South Florida.

15. At that time, ARANGO used his personal funds to invest in Party Land, Inc., a business managed by Lumisan Inc., and through his business entity, ARANGO created new jobs and opportunities in the South Florida market. The investment was located in Perrine City in South Dade County, Florida, at 18523 South Dixie Highway, Bay A-1-4, Miami, Florida 33157.

16. ARANGO successfully filed his Immigrant Petition by Alien Entrepreneur, Form I-526 ("Form I-526"), which was approved on October 15, 1996. [*See* Exhibit 5].

17. After the approval of Form I-526, ARANGO, along with his Wife and Son, they all received conditional legal permanent resident cards, showing categories T-56, T-57, and T-58, and expiration date July 9, 1999. [*See* Exhibit 6].

18. ARANGO's former attorney, PAVLOV, seasonably sent on July 6, 1999, ARANGO's Form I-829, Petition by Entrepreneur to Remove Conditions ("Form as evidenced on U.S. Postal Service Money Orders. [*See* Exhibit 7].

19. On July 12, 1999, USCIS acknowledged the receipt of Form I-829 with Form I-797C, and case number: SRC-99-256-00012, acknowledging the received fee in the amount of $345.00 and stating in CAPS letter: "your alien card is extended 12 months – employment and travel authorized. Processing your form will require a minimum of 120 days. If you have not heard from us within six (6) months, then you may contact this office." [*See* Exhibit 8].

20. On July 25, 2007, USCIS informed ARANGO that he and his family were entitled to have an "ADIT STAMP" since their petitions Form I-829 were still pending. [Exhibit 9].

21. On December 13, 2010, ARANGO made an inquiry about his case to USCIS, and on December 21, 2010, USCIS sent correspondence that ARANGO's Form I-829 was outside the normal processing times and obtained a confirmation number KND3471000065TSC. [*See* Exhibit 10].

22. ARANGO and his family applied to replace their legal permanent residency card and filed Form I-90 however, on March 30, 2012, their application, Form I-90, was denied, stating that their Form I-829 was still pending. [*See* Exhibit 11].

23. ARANGO has visited at least once a year his USCIS local office, and in each visit, his passport has been stamped evidencing his conditional permanent residency. [*See* Exhibit 12].

24. In addition to visit USCIS to stamp his passport, ARANGO has used several INFOPASS to obtain status on his Form I-829 Petition. [*See* Exhibit 13].

25. Although USCIS webpage shows that on March 8, 2018, that the local office received the Petition Form I-589 (*See* Exhibit 14), undersigned counsel visited USCIS on December 13, 2018,

and was told by the USCIS officer that "the file was not at the local office, that according to their system, it shows that the file was still pending at the Headquarters of Investor's Office.

26. The average processing time posted by USCIS on its website for a Form I-829 Petition by Entrepreneur to Remove Conditions on Permanent Resident Status is 28 to 36 months. At USCIS Processing Time Information for the Immigrant Investor Program Office, available at https://egov.uscis.gov/processing-times/ (last February 4, 2019). [*See* Exhibit 15].

## HARM THAT DEFENDANTS ARE CAUSING ARANGO

27. ARANGO has suffered, and is suffering, significant harm because of the Defendants' policies, procedures, acts and/or failures to act as described in this Complaint.

28. The Defendants' failure to adjudicate ARANGO's Form I-829 for a period of more than 19 years constitutes a failure to properly administer the INA. As a result, ARANGO has suffered mental anguish over his feelings of not receiving a decision for such a long period of time. Moreover, because his Form I-829 has not been decided, he has not been entitled to receive the full rights, privileges, and benefits of a legal permanent resident.

29. ARANGO's right to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and continue to be violated by Defendants' failures, policies, and practices as described in this Complaint.

## CAUSE OF ACTION

30. ARANGO re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-29 above.

31. ARANGO's Form I-829 has been pending for more than 19 years, which amounts to a full year beyond normal processing times for Form I-829 petitions and a year and a half beyond Congress's preferred 180-day adjudication timeline. *See* 8 U.S.C. § 1571 ("It is the sense of

Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

32. ARANGO has submitted multiple inquiries to the relevant USCIS authorities, but Defendants have offered no explanation for their persistent delay and no indication whether a decision on the petition is imminent. In fact, on the last visit to USCIS local office on December 13, 2018, undersigned counsel was told that ARANGO's file "was not at the local office and the system showed that it was still pending at the Headquarters of Investor Office." Defendants' responses to ARANGO's inquiries suggest that the petition may have been taken back from an adjudicating officer to USCIS' Headquarters. Such a persistent and unexplained delay is unreasonable.

33. ARANGO is understandably eager to receive a decision on his Form I-829 petition. The delay in adjudication impacts ARANGO's ability to immigrate to the United States along with his family, postpones the date on which they will be eligible to apply for naturalization to become a U.S. citizens.

34. Consequently, ARANGO *See*ks to compel Defendants to make a decision on his long-pending Form I-829 petition without further unreasonable delay. The relief sought is not discretionary, but mandatory. *See* 8 U.S.C. § 1153(b)(5)(A) ("Visas shall be made available .. . to qualified immigrants *See*king to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) ....") (Emphasis added); *See* also *Northern States Power Co. v. US. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a

clear statutory obligation). ARANGO does not have any alternative means to obtain a decision on his petition and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988); *See* also Matter of Sealed Case, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

35. ARANGO has met all filing requirements for his Form I-829 petition. He filed in a timely manner and paid the appropriate fees. Nonetheless, due to the continued delay of Defendants, ARANGO has had to wait more than 19 years and counting for a decision on his Petition. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

36. As all administrative remedies have now been exhausted, and ARANGO is suffering a continuing harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint.

37. Accordingly, ARANGO has been compelled to retain this law office to file this Complaint for Mandamus and Declaratory Judgment, to compel Defendants and those acting under them to render a decision on his Form I-829 Petition.

## CLAIMS

38. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492,499 (7th Cir. 2002); *See* also *Liberty Fund, Inc. v. Chao,* 394 F. Supp. 2d 105, 113 (D.D.C. 2005). ARANGO meets these criteria.

39. First, ARANGO has a clear right to the relief requested, as he has fully complied with all the statutory and regulatory requirements for filing a Form 1-829 petition, including the

9

submission of all necessary initial documentation and the payment of all required fees. Defendants have willfully and unreasonably failed to make a decision or provide any information about the status of the petition other than that it remains pending. Defendants are required by regulation to make a decision on ARANGO's petition. *See* 8 C.F.R. § 8 C.F.R: § 204.6(k) ("The petitioner will be notified of the decision ...."). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

40. Second, Defendants have a clear duty to act upon and make a decision on ARANGO's Form I-829 Petition. This duty is owed under the INA and the federal regulations and, by charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the application. *See* INA§ 286(m); 8 C.F.R. § 103.7(b)(l). *See* also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, ... there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 106 4, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

41. Although there is no statutory deadline for rendering a decision on a Form 1-829 petition, there is a nondiscretionary duty to take such action within a reasonable period of time. *See* 5 U.S.C. §§ 555(b), 706(1). Defendants have failed to perform this duty and have, in fact, far exceeded their own estimated processing times.

42. Third, this Honorable Court should compel Defendants to issue a decision on

ARANGO's long-pending petition, because no other adequate remedy is available to ARANGO. Defendants have inexplicably and unreasonably failed to perform their clear duty to act. Despite ARANGO's filing of all necessary documentation, payment of all required fees, and submission of inquiries through multiple channels, no decision or explanation for the continued delay has been issued. ARANGO has now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

43. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *See*, e.g., *Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007).

44. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in making a decision on ARANGO's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

45. As Defendants have failed to carry out their mandatory duty to make a decision on ARANGO's Form I-829 petition, and have unreasonably delayed action for more than two years without stated justification, and as ARANGO has exhausted all available administrative remedies, this Court should instruct Defendants to make a decision on ARANGO's Petition

11

without further unreasonable delay. *See* 8 U.S.C. § 1329; 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

46. Defendants' delay is without justification and has forced ARANGO to resort to this Court for relief, and ARANGO is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## PRAYER

WHEREFORE, ARANGO prays that this Honorable Court:

a) Compel Defendants and those acting under them to perform their duty to render a decision on ARANGO's Form I-829 petition without further delay;

b) Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;

c) Grant reasonable attorney's fees and costs to ARANGO under the Equal Access to Justice Act; and

d) Grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted this 13 day of February, 2019,

Respectfully submitted,

*s/Kathy Riano-Lopez*
Kathy Riano-Lopez, Esq.
Fla. Bar No. 109561

RIANO & ASSOCIATES, LLC.
9720 Stirling Road, Ste. 204C,
Cooper City, FL 33024
Tel: (754) 400 – 9896
Fax: (305) 735 – 8881
Email: Kathy@rianolaw.com
*Counsel for the Petitioner*